IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EMILY WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV327 |
| | ) | |
| v. | ) | |
| | ) | |
| SARPY COUNTY, NEBRASKA, SARPY COUNTY JAIL, In it's capacity as a custodial institute and as an entity under the direct authority of Sarpy County, Nebraska; UNKNOWN CORRECTIONAL OFFICERS, in their capacities as Supervising Correctional Officers or Otherwise for Sarpy County, Nebraska; and UNKNOWN PHYSICIANS, | ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on defendants' motion to dismiss for failure to state a claim and plaintiff's objection to the motion to dismiss. Filing Nos. 4 and 8. Plaintiff filed this action against the defendants alleging a multitude of claims including violations of 42 U.S.C. § 1983; abuse of power; failure to train; excessive force; intentional and negligent infliction of emotional distress; negligence; and medical malpractice (breach of duty of attention and care). Filing No. 1, Complaint. The court has carefully reviewed the defendants' motion and finds it should be denied as to all claims except the medical malpractice claim. The court will dismiss the medical malpractice claim at this time.

### *Background*

On July 17, 2007, plaintiff was transferred as an inmate from the Douglas County Correctional Facility in Omaha to the Sarpy County Jail in Sarpy County, Nebraska.

Plaintiff alleges she has both bi-polar disorder and post-traumatic stress disorder. She states that the Douglas County Correctional Facility provided medications to treat her disorders. She further contends that upon her transfer, the Sarpy County jail employees failed to provide her with her medications. On October 16, 2007, she leapt from a wall and fractured her ankle. The guard made her get up and walk on it which plaintiff says worsened her injury. Plaintiff further states she asked for medical assistance and did not immediately receive it. She alleges that this caused permanent injury to her ankle. Plaintiff contends that defendants denied her medication as prescribed; failed to properly supervise her, failed to give her competent medical attention, and forced her to walk on a fractured ankle.

### *Standard of Review*

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3. (2007) (*quoting* Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for her entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and that a recovery is very remote and unlikely." *Id.* (internal quotation and citation omitted). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id. at* 1949-50. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at 1950. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. Twombly, 550 U.S. at 556; Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Twombly, 550 U.S. at 558; Iqbal, 129 S. Ct. at 1950 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'-'that the pleader is entitled to relief'").

### *Discussion*

The court will dismiss the plaintiff's claim with regard to medical malpractice. The court agrees with the defendants that there is no federal constitutional claim for medical malpractice. See Smith v. Clarke, 458 F.3d 720, 724 (8th Cir. 2006). Plaintiff was required to file a tort claim under the Nebraska Political Subdivisions Tort Claims Act. She did not file such a claim, nor did she file a claim pursuant to the Nebraska Hospital Medical Liability Act. Plaintiff says she did not do so because she did not know the names of the physicians involved in her treatment. The court finds this reason is insufficient. See Keller v. Tavarone, 628 N.W.2d 222, 231-32 (Neb. 2001) (finding that both acts must be complied with in order to file a claim for medical malpractice). Accordingly, the court will dismiss this claim at this time.

The court will deny the defendants' motion to dismiss with respect to the plaintiff's remaining claims. There are sufficient facts alleging a failure to provide medical care,

given the plaintiff's alleged conditions, to find that there is more than a plausible cause of action by plaintiff.  Accordingly, the parties should proceed to conduct discovery.[1]

THEREFORE, IT IS ORDERED that:

1. Defendants' motion to dismiss, Filing No. 4 is granted as to the medical malpractice claim;

2. Defendants' motion to dismiss, Filing No. 4, is denied in all other respects; and

3. Plaintiff's objection, Filing No. 8, is overruled to the extent stated in this Memorandum and Order.

DATED this 8th day of February, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[1] If after discovery the defendants want to re-visit this issue, they are free to do so.

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.