IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EMILY WHITE, | ) | |
| | ) | |
|       Plaintiff, | ) | 8:09CV327 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SARPY COUNTY, NEBRASKA, | ) | |
| SARPY COUNTY JAIL, | ) | |
| UNKNOWN CORRECTIONAL OFFICERS, | ) | |
| and UNKNOWN PHYSICIANS, | ) | |
| | ) | |
|       Defendants. | ) | |

This matter is before the court *sua sponte*, and pursuant to NECivR 41.2, which states in pertinent part: "At any time, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." Further, Fed. R. Civ. P. 4(m) establishes a 120-day time limit for service of process on a defendant in a civil case, absent a showing of good cause.

In this case the complaint was filed on August 18, 2009, in the District Court of Sarpy County, Nebraska. See Filing No. 1 - Ex. 1. Accordingly, the deadline for service of process expired **on or about December 18, 2009**. Although the matter was removed to the United States District Court for the District of Nebraska and one of the defendants has made an appearance, there exists no proof of service of process on the other named defendant, Sarpy County Jail. Therefore, the plaintiff must make a showing of good cause for the failure of timely service or the action must be dismissed as against the Sarpy County Jail. Upon consideration,

**IT IS ORDERED:**

The plaintiff shall show cause why this case should not be dismissed for failure to prosecute the Sarpy County Jail or file the proof of service electronically on or before the close of business **on March 2, 2010**.

Dated this 16th day of February, 2010.

                                                      BY THE COURT:

                                                      s/Thomas D. Thalken
                                                      United States Magistrate Judge